

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 5, 1968

Honorable Jerry Sadler
Commissioner
General Land Office
Austin, Texas    78701

Opinion No. M-311

Re:   Whether Commissioner of
General Land Office or
Veterans' Land Board may
reinstate forfeited pur-
chase contract.

Dear Mr. Sadler:

In your recent request for opinion, you present the
following fact situation and questions in regard to the
operation of the Veterans' Land Board and its affairs.

> "It has been the general concensus of opinion
> in the past years, and it is currently the
> opinion of this office, that the administration
> of the Veterans Land Program is primarily the
> duty of the General Land Office and its employees.
>
> . . . .
>
> "The Board held a forfeited land sale on
> November 19, 1968, at 11:00 A.M. here in the
> General Land Office following the provisions of
> Article 5421m.  Just prior to the sale, but sub-
> sequent to the time that the Board met and ordered
> tracts to be advertised for resale, one of the
> original veteran purchasers, whose tract was forfeited
> in accordance with Article 5421m, and whose tract was
> ordered advertised for resale in accordance with
> Article 5421m, asked the Commissioner of the General
> Land Office to accept payment in full of the original
> contract and to furnish him with a paid-in-full deed.

- 1515 -

> The Commissioner of the General Land Office
> refused to accept payment in full; however, the
> Veterans Land Board, having some question in their
> mind, would like for your office to inform us of
> the legal rights of the Commissioner to reinstate
> the contract referred to above. <u>If you conclude that
> the contract of sale cannot be reinstated after it
> has been forfeited and ordered advertised for resale,
> can the original veteran tender the full payment
> due under the contract and receive a paid-in-full
> deed after he has lost all rights to reinstate his
> contract?"</u> (Emphasis supplied to question.)

Article III, Section 49b of the Texas Constitution provides in part as follows:

> "The Commissioner of the General Land Office
> shall act as Chairman of the Board and shall
> be the administrator of the Veterans' Land
> Program under such terms and restrictions as
> are now or may hereafter be provided by law."

Section 2 of Article 5421m, Vernon's Civil Statutes, provides in part that:

> "The Commissioner of the General Land Office
> shall be Chairman of the Board and Administrator
> of the Veterans' Land Program . . . and shall
> perform all duties and functions of the Board
> prescribed by law, except those <u>prescribed in
> section 2(A) hereof, which shall be performed
> by the Veterans' Land Board as constituted.</u>
> (Emphasis supplied)

Said Section 2(A), above referred to provides in part that:

> <u>"The duties of the Veterans' Land Board ... shall
> be ... to provide for the forfeiture of contracts
> of sale and purchase and the resale of forfeited
> land;</u> and to formulate such policies, rules and
> regulations as may be necessary, not in conflict
> with the provisions of law, to insure the proper
> administration of the law and to carry out the
> intent and purposes thereof." (Emphasis supplied)

Section 19 of Article 5421m, provides in part that:

> "In any case where the sale has been forfeited and
> title to the land revested in the Veterans' Land

> Fund, the original purchaser or his vendee shall
> have the right to reinstate the purchase contract
> at any time prior to the date on which the Board
> shall have met and ordered the said lands to be
> advertised for resale, or for lease for mineral
> development but not thereafter."

In answer to your question as presented, it is the opinion
of this office that the Commissioner of the General Land Office,
as Administrator of the Veterans' Land Program, is without
authority to reinstate a purchase contract after it has been
forfeited and ordered advertised for resale; and further, that
once the contract has been forfeited and the land ordered ad-
vertised for resale, the original veteran may not, in the
absence of further action on the part of the Veterans' Land
Board as hereinafter set out, tender the full payment due
under the contract and "receive a paid-in-full deed," for
to so allow would require a prior reinstating of the contract,
which is prohibited.

It must be pointed out, however, that the above answers are
directed, and limited, to the Commissioner of the General Land
Office as statutory administrator of the Veteran's Land
Program and are predicated upon the premise that the contract
has been forfeited with no subsequent action by the Veterans'
Land Board as hereinafter described.  Forfeiture provisions in
statutes are strictly construed, not favored, and will be
interpreted where possible to prevent, rather to cause, a
forfeiture.  25 Tex. Jur.2d 511, Forfeitures, Sec. 10; also
p. 502, Sec. 3, declaring forfeitures to be a harsh remedy
disfavored both at law and in equity.

There appears to be no reason why the forfeiture provisions
of a contract between the Veterans' Land Board and a veteran
purchaser would not be subject to the same rules in regard
to their enforcement, waiver and setting aside as would a like
contract between two individuals, as such rules are set out
in the case of Stevenson v. Lohman, 218 S.W.2d 311, 314 (Tex.
Civ.App. 1949, error ref.) to wit:

> "We agree with appellant that the courts do
> not favor forfeiture and when proper equities are
> shown to exist equity will intervene and will deny
> unjust enforcement of the naked legal right to a for-
> feiture.  On the other hand, when parties enter into a
> contract providing that either should forfeit his
> rights thereunder upon default in any of the material
> provisions, thereof, it then becomes the burden of
> the party resisting such forfeiture to plead and prove

> such facts as would justify a court of equity
> in preventing his adversary from doing that which
> otherwise, under the law, he has a right to do, but
> in equity and good conscience he should not be
> permitted to do."

Section 19 of Article 5421m provides certain prerequisites
to the declaring of a forfeiture by the Veterans' Land Board.
Automatic forfeiture is not specified, but forfeiture operates
at the discretion of the Board.

Section 21 of Article 5421m, provides in part that:  "<u>The
Board is hereby made the sole judge of forfeiture of any con-
tract under this Act</u>, and anyone availing himself of the pro-
visions of this Act shall by so doing agree to abide by the
same ..." (Emphasis supplied)  No specific time limit is
placed upon the Board within which it can make such determin-
ation.

Section 17 of Article 5421m provides in part that "... in any
individual case, the Board may, for good cause, postpone from
time to time, upon such terms as the Board may deem proper, the
payment of the whole or any part of any installment of the
selling price or interest thereon."  No specific time limitation
is placed upon the Board within which it can make such decision
to postpone such payment.  When forfeitures are intended to
take place automatically, the time should be definitely fixed.
25 Tex.Jur.2d 517, Sec. 17, Forfeitures.

It would therefore appear that upon sufficient showing to the
Board that in equity and good conscience the contract should
not be finally forfeited, the Board, being the "sole judge of
forfeiture", and not having lost administrative jurisdiction
of the forfeiture action, may by majority vote determine that
there has in fact been no forfeiture and annul its purported
forfeiture, thus in effect reinstating the contract.  It would
further appear that for "good cause" the Board by majority vote
may postpone the due date of the delinquent payments, thus
rescinding the purported forfeiture and reinstating the con-
tract.  There being no specific limitation of time within which
the Board may take either such action, and any subsequent bidder
having agreed to "abide by the same", it is the opinion of
this office that even though the Board has theretofore met and
ordered said lands to be advertised for resale, either of such
actions may be taken by the Board and the contract reinstated
at any time, at least until the Board has accepted a subsequent
bid for resale and the rights of third parties have vested.

## SUMMARY

The Commissioner of the General Land Office, as Administrator of the Veterans' Land Program, is without authority to accept delinquent payments and reinstate a purchase contract after the same has been forfeited and the Veterans Land Board shall have met and ordered the lands to be advertised for resale; but the Veterans' Land Board may do so at any time, at least until it has accepted the bid of a subsequent purchaser and the rights of third parties have vested.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harold G. Kennedy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Jerry Roberts
David Longoria
Fielding Early
Bob Flowers

A. J. CARUBBI, JR.
Executive Assistant